FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 FEB -1 AM 9: 42

MIDDLE DISTRICT OF FLORID
JACKSONVILLE, FLORIDA

LARRY HOEWISCHER,
    Plaintiff,

CASE NO.:

3:11-cv-94-J-99MMH-TEM

vs.

MEDICREDIT, INC. and KELSEY
MARIE DOE, an individual.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **LARRY HOEWISCHER**, by and through undersigned counsel, and files this Complaint against the Defendants, **MEDICREDIT, INC.** and **KELSEY MARIE DOE**, an individual, and alleges:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendants and their agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5.  Defendant, Medicredit, Inc. (hereinafter "Defendant Medicredit") is a collection agency operating from an address of 3620 I-70 Dr. SE, Ste. C, Columbia, Missouri and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

6.  Defendant Kelsey Marie Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant Medicredit as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

## FACTUAL ALLEGATIONS

7.  On or about March 6, 2008 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. namely a medical debt for medical testing done by Signet Diagnostics. Due to a clerical error the debt was originally rejected but later paid by Plaintiff's insurance. Sometime thereafter, the debt, which had been paid was consigned, placed or otherwise transferred to Defendant Medicredit for collection from the Plaintiff.

8.  On or about October 2010, Plaintiff began receiving phone calls from Defendant Doe. Plaintiff informed Defendant Doe that the debt had been paid by Plaintiff's insurance and gave Defendant Doe the correct check number for reference. In

addition, Plaintiff directed all future collection calls to his attorney and gave his attorney's phone number.

9. Despite being informed that the debt had been paid, Defendant Doe continued to attempt to collect on the already paid debt and call the plaintiff despite being on notice that he was represented by an attorney.

### *Summary*

22. All of the above-described collection actions and communications made to Plaintiff by Defendants and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(5) and 1692e(10), amongst others, the FCCPA, including but not limited to Section 559.72 (6), (7) and (9).

23. Defendants' illegal abusive collection communications, as more fully described above, were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain.

24. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

### CLAIMS FOR RELIEF

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference paragraphs seven (7) through twenty-five (25) of this Complaint as though fully stated herein.

27. The foregoing acts of Defendants and their agents to collect on the debt constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT TWO: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Section 559.55 et seq., Fla. Stat.

29. Plaintiff incorporates by reference paragraphs seven (7) through twenty-five (25) of this Complaint as though fully stated herein.

30. As a result of Defendants violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

31. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

### *Respondeat Superior Liability*

32. The acts and omissions of these individual collectors, and the other debt collectors

employed as agents by Defendant Medicredit who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Medicredit.

33. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Medicredit in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant Medicredit.

35. Defendant Medicredit is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FCCPA in their attempts to collect this debt from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and for Plaintiff; and

- for such other relief as this Court deems just and proper.

-

## COUNT II: VIOLATIONS OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff' credit reports; and

- for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
JENNIFER MCCARTHY, ESQ.
Florida Bar No. 86793
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Email: jennifermccarth01@gmail.com
Attorneys for Plaintiff